(17 Misc. Rep. 405)

PEOPLE ex rel. RICHARDSON v. SACKETT, County Treasurer.

(Supreme Court, Special Term, St. Lawrence County. June, 1896.)

1. INTOXICATING LIQUORS—LOCAL OPTION—RAINES LAW.
    Under Laws 1896, c. 112, § 16, providing that, in any town in which there was no license at the time the act should become a law, it should not be lawful to issue a liquor-tax certificate until the town had voted on the question, the only evidence on which the county treasurer can act is that no license had actually been issued to any applicant, and therefore evidence of an inclination on the part of the majority of excise commissioners to issue licenses is incompetent.

2. SAME—CHARACTER OF APPLICANT.
    An application for a liquor-tax certificate will not be denied on the ground that the applicant was convicted of a felony 18 years before, where he had since been pardoned

Certiorari by Orlo C. Richardson to review the action of M. R. Sackett, as county treasurer of St. Lawrence county, in refusing a liquor-tax certificate to relator, an hotel keeper in the town of Russell. Affirmed.

John C. Keeler, for relator.
L. P. Hale, for respondent.

RUSSELL, J. There are various objections which are fatal to the application of the relator for a liquor-tax certificate allowing him to sell liquor in his hotel at Russell. The local option provisions given by section 16, c. 112, Laws 1896, allow the electors of the town, at a town election, to determine whether liquors shall be sold in that town, and, in case of their voting against such privilege, the county treasurer has no right to issue such certificate. But in various of the towns of the state, prior to the enactment of the Raines bill, no licenses existed, because the commissioners of excise, using their discretion, did not approve of granting licenses. In order to provide for the condition of such towns, and to guide the county treasurers, before any town election occurring after the passage of the act should evince the will of the electors of the town, section 16 provides that in any town in which, at the time that act

became a law, there was no license, it should not be lawful for the county treasurer to issue any liquor-tax certificate provided by that act, until the town had voted upon the question. This provision was evidently in harmony with the spirit of the act allowing the towns to be free from liquor selling under the protection of the law, if they so chose, and providing a practical method of giving a county treasurer evidence of such determination. Before any vote could be taken at a town meeting, he must be guided by the fact that no license existed. His evidence of such fact could only be the proof that in fact no license had actually been issued to any applicant. It will not, therefore, do for the counsel of the relator to furnish evidence of an inclination on the part of the majority of the commissioners of the town of Russell to give a license, even if those two commissioners were lawful commissioners of excise, when the fact was that no license had actually been given, and none was outstanding in fact, at the time of the passage of the new excise law.

There are other objections to the application which need not be here considered. I do not place among them as controlling, however, the fact that some 18 years ago the applicant was convicted of a felony, as he has since received his pardon. It is for the interest of the state that all persons convicted of crime should become law-abiding citizens, and evince by good conduct their desire to become better men. The restoration afforded by a pardon to civil rights covers all civil rights, and I think that one who has become a voter, and who might lawfully hold any office, can as well discharge the responsibility of hotel keeping, including liquor selling, and is no longer a convict under the ban of the law.

In this case the action of the county treasurer is affirmed, with costs. Ordered accordingly.