(17 Misc. Rep. 406)

PEOPLE ex rel. THOMAS v. SACKETT, County Treasurer.

(Supreme Court, Special Term, St. Lawrence County. June, 1896.)

INTOXICATING LIQUORS—LOCAL OPTION—SPECIAL TOWN MEETING.

Under Laws 1896, c. 112, § 16, requiring town officers to prepare ballots "for a town election occurring next after the passage of this act," to determine whether intoxicating liquors shall be sold in the town, and providing that the same question shall be submitted again in the same way at the "annual" town election held every second year thereafter, a special town meeting may be called to determine whether intoxicating liquors shall be sold in the town.

Certiorari by George M. Thomas to review the action of M. R. Sackett, as county treasurer of St. Lawrence county, in refusing a liquor tax certificate to relator, an hotel keeper in the town of Edwards. Reversed.

John C. Keeler, for relator.

L. P. Hale, for county treasurer.

RUSSELL, J. The sole question to be decided in this case is whether a special town meeting may be called and legally held to

determine whether tax certificates may be given for the selling of liquors in the towns of this state. The provisions affecting cities are different from those affecting the various towns upon the question of local option. The counsel for the county treasurer frankly concedes the regularity of the special town meeting held in the town of Edwards, after the passage of the general excise law known as the "Raines Bill," which voted in favor of selling liquors, and makes no criticism on the fairness of the expression of the voters casting their ballots at such election. The new excise law differs widely from the previous law in force, and the provision for local option is direct, instead of being indirect, as under the previous law. Heretofore commissioners of excise were elected by force of law in each town of the state, and the granting or withholding of licenses was within their discretion or caprice. Their views upon the subject, when elected, might be known or unknown, and their subsequent action might or might not follow the inclination supposed to exist when the voters cast their ballots. By the new act it is given to the towns to determine by lawful vote whether liquor shall be sold in the respective towns, and the county treasurer has no discretion in granting or withholding, other provisions of law being complied with. In many towns of the state no annual election can be held for nearly a year after the passage of the new excise law. I see no provision in the act which contemplates the holding the power of the town to declare for or against the permission to sell liquors in that town in suspension during such a period. Its theory is radically different. The power of the various towns upon the subject is co-existent with the force of the law, and began when that law took effect. And, as the subject to be voted upon is one which is regarded as affecting the morals and well-being of the community, it might well have been the intent of the legislature to allow it, if the electors so chose, to be dissevered from the complications of an annual town meeting, at which town officers are to be elected, and various money propositions voted upon; so far, at least, as the first vote upon the subject was to be taken.

Section 16 of the act (chapter 112 of the Laws of 1896) provides for the subject of local option. It requires the town officers to prepare the ballots "for a town election occurring next after the passage of this act," for voting upon four propositions: First, upon the subject of selling liquor to be drunk on the premises where sold; second, selling liquor not to be drunk on the premises where sold; third, selling liquor as a pharmacist; fourth, selling liquor by hotel keepers. It would thus seem to be required by law that, where a special town meeting is held, after the passage of the act, and before the annual town meeting, perhaps nearly a year later, ballots must be prepared for voting upon the excise propositions. The word "annual" is not prefixed to "town election." And this view is still further strengthened by the provision in the same section that the same questions shall be submitted again in the same way at the annual town election held in every second year thereafter, provided 10 per centum of the voters so request. Unless, therefore, it is construed that the use of the two expressions was carelessly

made by the legislature in the same section, we must presume that they intended that the language should cover any town meeting in the first instance.

Under the present provisions of law the electors at special town meeting may vote upon any question which may be lawfully voted upon or determined at a special town meeting, and that law now provides for the method of filing applications for requesting a vote at such town meeting, for public notice of the presentation of the question, and the preparation of the ballots therefor. Rev. St. (Banks' 9th Ed.) p. 734, §§ 25, 26, 34. The electors of the state, under the new excise act, were confronted with a new state of things in respect to the vending of liquors. They had the power in the various towns to determine whether liquors should be sold or not within the town, and had the full right to consider how soon, and in what manner, in respect to this important law, their action should be taken. Such power should not be suspended for many months; it should operate as quickly as the law itself. The question of licensing was not to be determined, as theretofore, by their own town officers acquainted with the wishes of the people of the town, but, within certain defined limits, the power to sell liquor could be placed upon them against their will, because the officer issuing the certificate had not the power to give or withhold. Thus the right of local option, given by the law, is one which should be used unless the electors were contented with the conditions likely to be prevalent in the town in respect to the number of places seeking the privileges afforded by the tax certificate.

The principal argument against the construction advanced by the counsel of the county treasurer is the provision that a vote against licensing shall not shorten the term for which any liquor tax certificate may have been given under the provisions of this act, nor affect the right of any persons thereunder. Section 16. He claims that this would display a want of mutuality in the effect of the vote, in that, if the special town election voted favorably to license, such licenses might be granted, while, if it voted against licensing, those certificates which had been issued would be preserved in force until their expiration. The provision referred to has an evident meaning which sufficiently accounts for its insertion in the section. It preserves the pecuniary rights of one who has paid for his privilege, and in that sense is just, as no other provision is made for paying him back for the unexpired term of his certificate. It would have the same effect, if the electors declared against license at an annual town meeting, as to the certificate issued shortly prior thereto; and no distinction of construction, therefore, existed to point the intent of the legislature to distinguish between a special election and an annual one. Indeed, the insertion of this language preserving the right of the party holding the certificate in case the town votes against licensing, rather corroborates the theory of the instantaneous force of the law. The provision is not that, notwithstanding the vote against license, the power to issue certificates shall remain until the expiration of any license granted; it solely excludes the idea of granting

any more licenses except the one in operation, and which has been paid for, until a period in the future.

The action of the county treasurer, therefore, must be reversed, with, costs. Ordered accordingly.