(27 Misc. Rep. 360.)

PEOPLE ex rel. CLINT et al. v. HAMILTON et al. (ten cases).

(Supreme Court, Special Term, Monroe County. May, 1899.)

1. LOCAL OPTION ELECTION—CERTIFICATE OF RESULT OF VOTE—SUFFICIENCY.
    Under Liquor Tax Act (Laws 1896, c. 112) § 16, subd. 4, providing that, whenever the question of local option is submitted to the electors of a town, the town clerk shall return a certified copy of the statement of the result of the vote to the county treasurer, the clerk is to file a certified copy of the statement as made by the election officers, and not his own statement of the result.

2. SAME—REFUSAL OF LIQUOR-TAX CERTIFICATE—MINISTERIAL ACTS.
    A county treasurer properly refuses a liquor-tax certificate because the statement of the election, as filed by the town clerk, is not in compliance with the statute, though it is sufficient to show that the electors have declared against the sale of liquors, as such treasurers are ministerial officers, and have no authority to pass on the legal sufficiency of such statements.

3. SAME—ISSUANCE OF CERTIFICATE—REVOCATION.
    A contention that, until the legal sufficiency of such statement was determined, the treasurer should issue the tax certificate, which could be revoked under Liquor Tax Act (Laws 1897, c. 312) § 28, subd. 2, is without force, as such procedure would cast on the electors of a town, who had legally decided that no liquors should be sold therein, the burden of obtaining judicial sanction for what they had lawfully done.

4. SAME—LEGALITY OF VOTE—DETERMINATION.
    Liquor Tax Act (Laws 1897, c. 312) § 28, subd. 1, directing the court to determine, on a hearing under a writ of certiorari, whether an application for a liquor-tax certificate has been rightfully denied by the county treasurer, does not authorize the court to determine whether the vote on a local option election in such treasurer's county was legally taken, since its legality must be determined in a direct proceeding.

Proceedings under writs of certiorari granted on application of the people, on relations of Aaron D. Clint and others, against John

B. Hamilton, county treasurer of Monroe county, and county treasurers of other counties, to review the action of defendants in refusing to issue liquor-tax certificates to relators. Certificates granted conditionally.

George D. Forsyth, for relators.

P. W. Cullinan, for respondents.

WERNER, J. The relators, as hotel proprietors in their respective towns in the several counties above named, have made applications for liquor-tax certificates, under subdivision 1 of section 11 of the liquor tax act (Laws 1896, c. 112). It is conceded that they have complied with the formalities of the statute, which, by its terms, must precede or accompany the application. The several county treasurers have refused to issue such certificates upon the ground that a majority of the qualified electors of the several towns in which the relators reside have, pursuant to the provisions of section 16 of said liquor tax act, voted against the sale of liquors in their respective towns. The information upon which these refusals of the respondents are based is contained in the statements of the town clerks of the respective towns above named, of which the following is a sample copy:

"Statement of the vote of the town of Parma, on local option, at the annual meeting held in said town, March 7, 1899:

"Question No. 1. No. voting 'Yes,' 33; 'No,' 258; blank, 386.
"Question No. 2. No. voting 'Yes,' 38; 'No,' 297; blank, 306.
"Question No. 3. No. voting 'Yes,' 80; 'No,' 264; blank, 295.
"Question No. 4. No. voting 'Yes,' 269; 'No,' 314; blank, 66.
"Dated March 10, 1899.            Henry Bufton,
"Town Clerk."

It is conceded that the town clerks of the respective towns above named have filed with the treasurers of the respective counties above named such statements in attempted compliance with the provisions of subdivision 4 of section 16 of the liquor tax act (Laws 1896, c. 112). The first question which arises in these proceedings is whether the filing of the statements above set forth is a compliance with the provisions of said subdivision and section which are as follows:

"A certified copy of the statement of the result of the vote, upon each of such questions submitted, shall immediately after such submission thereof be filed by the town clerk or other officer with whom returns of town elections are required to be filed by the election law, with the county treasurer of the county, * * * and no liquor tax certificate shall thereafter be issued by such officers," etc.

The meaning of the language just quoted is made plain by reference to the preceding sentences of the same subdivision which require that, whenever the question of local option is submitted to the electors of a town, "a return of the votes so cast and counted shall be made as provided by law." This language clearly refers to the statement of the result which the election officers are required to make under the election laws. The methods of procedure enjoined by the election law, as well as the precise and unequivocal language of said subdivision 4 of section 16 of the liquor tax act, clearly indicate, therefore, that the town clerk's

duty is to file with the county treasurer a "certified copy of the statement of the result of the vote," and not his own statement of such result. That the statements filed by the respective town clerks above named with the respective county treasurers above named are the statements of said clerks, instead of certified copies of "the statement" which must be made, under the election law, is too obvious for serious argument. It follows as a logical sequence that there has been no substantial compliance with the law requiring "a certified copy of the statement of the result of the vote" to be filed with the county treasurer. There was, however, an attempted compliance with the law, as the result of which the said treasurers were informed of the action taken by the electors with reference to the sale of liquors in their respective towns. Being mere ministerial officers, they had no authority to pass upon the legal sufficiency of the statements filed with them. Any statement containing the facts from which said treasurers could decide whether the question of local option had been voted on in a particular town was sufficient to call upon them to act in accordance with the facts set forth in the notice, and leave the question of its sufficiency for the courts to decide. Counsel for the relators contends with great force that, unless the town clerk files with the county treasurer such a paper as the law requires, the latter must issue a liquor-tax certificate to the applicant. This view cannot be accepted without the conclusion that the county treasurer is vested with judicial powers in deciding whether he will issue a liquor-tax certificate or not. As I understand the argument of counsel for the relators, he does not claim that a county treasurer has any judicial powers under the liquor tax act. But the question is now before a judicial officer who is charged, by the express language of the statute, with the duty of determining the sufficiency of the statements filed by the respective town clerks of the towns referred to in said statements with the respective county treasurers above named, under said subdivision 4 of section 16, and of deciding whether the applications for a liquor-tax certificate made by the relators have been properly denied. That the statements filed herein were insufficient is obvious. But it does not follow that the refusal to grant the liquor-tax certificates applied for was improper. The electors of the respective towns above named have legally and properly declared against the sale of liquors therein. The informality of the statement of that fact does not wipe out the fact. The election is as valid as though the law required no statement of the result to be filed with the county treasurer. This is equally true, whether the provision requiring such filing be treated as mandatory or merely directory. In either event all that remains to be done is to compel the town clerk to file such a statement as the law requires. Then the voice of the people will be as regularly and legally expressed as though it had been properly done in the first instance. It is, however, urged on behalf of the relators that until this is done the duty of the county treasurer, as well as of the court, is to see that the liquor-tax certificate applied for is issued in accordance

58 N.Y.S.—61

with the letter of the law, and that any such certificate obtained by an applicant not entitled thereto can be revoked under subdivision 2 of section 28 of the liquor tax law (Laws 1897, c. 312). There are two answers to this proposition: First, the law is not so unreasonable as to require public officers to do vain things which are clearly contrary to the spirit of the law, and hostile to the intentions of its framers, although apparently within the literal letter thereof, and which are to be done only to be undone; second, such a course of procedure would cast upon the electors of a town, who have legally decided that no liquors shall be sold therein, the burden of obtaining judicial sanction for what they have lawfully done. This would be both illogical and unjust. But it is further claimed on behalf of the relators that the vote taken in the respective towns above named upon the question of local option was not legally taken, and that therefore the relators are entitled to the liquor-tax certificates applied for.

In the view which I entertain of these proceedings, the legality of the elections in which the vote upon the liquor question was taken in the towns above named cannot be determined herein. That portion of subdivision 1 of section 28 of the liquor tax act (Laws 1897, c. 312) which directs the judge or justice to determine upon the hearing under a writ of certiorari whether an application for a liquor tax certificate has been denied by a county treasurer without good and valid reasons therefor, and requiring such judge or justice to make an order commanding such treasurer to issue such a liquor tax certificate where it has been improperly denied, refers only to such evidence of the result of a vote upon the question of local option as will enable the judge or justice to decide whether the county treasurer, upon the facts shown by the record before him, has complied with the statute. The question whether the vote was legally taken or not is entirely collateral to the issue in these proceedings. The legality of such vote must be tested in a direct proceeding in which the court has power to look behind the record, and decide according to the facts, upon any essential question. I am not unmindful of the apparent anomaly presented by the seemingly inconsistent decision that, although the town clerks above named have not filed the statement, which is the only official notice to a county treasurer that the electors of a town have declared against the sale of liquor, a county treasurer may refuse to issue a liquor-tax certificate upon the ground that a vote was taken by which the electors have decided against the sale of liquors. But this incongruity is more apparent than real. The fact of the vote is admitted by the contention that it was illegal. Neither am I insensible to the embarrassment involved in the practice of permitting or directing a town clerk to perform a duty enjoined upon him by the statute during the pendency of a proceeding based wholly upon the admitted nonperformance of such statutory duty. The absence of any specific provision in the liquor tax act providing for such a contingency is simply one of those common imperfections in our laws which must be corrected in the light of experience. But, in the

confusion created by this doubt as to the method of procedure, one fact stands out clearly and boldly. That is that the people of these towns have, by the votes of their electors, declared against the sale of liquors. This decision should be upheld by every reasonable intendment. No mere technicality should be permitted to strangle or stay the popular will legally expressed. Ignorance, inadvertence, mistake, or even intentional wrongdoing on the part of local officials should not be permitted to disfranchise a district. Until the statute, or some higher legal authority, provides for a different course, I am disposed to follow the decision made by the learned county judge of this county in a similar case. Let orders be entered in the several cases above entitled, directing the respective county treasurers above named to issue to the respective relators liquor-tax certificates, pursuant to the respective applications made by them, unless within five days from the entry of such orders the respective town clerks above referred to shall file with said respective county treasurers "a certified copy of the statements of the result of the vote," as required by said subdivision 4 of said section 16 of said liquor tax act. No costs of these proceedings to either of the parties.

Ordered accordingly.