(27 Misc. Rep. 576.)

PEOPLE ex rel. SMITH v. FOSTER.

(Supreme Court, Trial Term, Cortland County. May 17, 1899.)

1. LIQUOR TAX CERTIFICATE—LOCAL OPTION—FILING STATEMENT OF RESULT OF ELECTION.

Laws 1896, c. 112, § 16, subd. 4 (Liquor Tax Law), requiring the town clerk to file with the county treasurer a certified copy of the statement of the result of the vote on the question of local option, is merely directory, and a statement that substantially apprises the county treasurer that the result of the election is against the granting of liquor tax certificates is sufficient to require him to refuse to issue such certificates.

2. SAME—INSUFFICIENT STATEMENT—EFFECT.

Where an applicant for a liquor tax certificate in a town which has voted against granting certificates institutes a proceeding to compel the county treasurer to issue such certificate on the ground that the statement

filed by the town clerk as to the result of an election is defective, the court will not grant the application, even though the certificate be insufficient, where it does not appear that the voters had ever declared for or against the granting of certificates as provided by Laws 1896, c. 112, § 16, subd. 4.

3. SAME—LOCAL OPTION—TOWN MEETING.

The holding of a town meeting, and its vote on a question of local option, is a matter of public notoriety, of which the county treasurer has a right to take notice, independently of the certificate of the result required to be filed with him by the town clerk.

4. SAME—POWERS OF TREASURER.

Under Laws 1896, c. 112, § 16, subd. 4, requiring the town clerk to file with a county treasurer a statement of the result of the vote on a question of local option, the treasurer cannot act judicially, and determine the form and sufficiency of the statement, but his duties are ministerial, and, if it apprises him of the result of the election, he must act accordingly.

Special proceeding under the liquor tax law by the people of the state of New York, on the relation of Dorr C. Smith, against William H. Foster, as treasurer of the county of Cortland, N. Y., to compel him to issue liquor tax certificates to the several petitioners.

Forsyth Bros. (Dougherty & Miller, of counsel), for petitioner.
P. W. Cullinan, for respondent.

FORBES, J. This is a special proceeding instituted by the petitioner under section 28 of the liquor tax law, passed March 23, 1896, and the amendments thereto. This proceeding and 14 others were commenced by an application to this court to compel the respondent to issue 15 liquor tax certificates to the several individuals separately named in said petitions. The proceedings on the part of the petitioners seem to be regular in form, showing upon their face that each applicant and petitioner had complied with the several provisions of the liquor tax law entitling them, in the first instance, to a liquor tax certificate. The applications, bonds, and the amount of the tax required to be paid were duly and regularly presented, in form, at least, to the respondent, William H. Foster, the treasurer of Cortland county; and he certifies that all of the steps and proceedings necessary to be taken on the part of said petitioners upon said several applications were filed with him, and the money tax required by law was duly tendered to him, and that he refused to accept the same. He also certifies in his returns made to this court upon said proceedings that he informed said petitioners that he could not issue said liquor tax certificates, and then and there indorsed upon said petitions a statement of his reasons for declining to issue said liquor tax certificates. The respondent's returns to this court in said several proceedings also show the grounds upon which he refused to comply with said applications. It is evident that the date in said returns (March 22, 1899) should correspond with the date of filing the town clerk's statement, which was February 22, 1899, and is a clerical error. The original of said statement is returned to me with said proceedings. Among other things which he gives as a reason for rejecting said applications and refusing to issue said certificates is

that the town clerk of the town of Cortlandville, in the county of Cortland, on or about the 22d day of February, 1899, filed with him a certificate or statement as follows:

"County of Cortland.

"Statement of vote of the town of Cortlandville on question of local option at annual town meeting held in said town February 21st, 1899: Question No. 1. Number voting 'Yes,' 907; 'No,' 1,495; blank, 272. Question No. 2. Number voting 'Yes,' 816; 'No,' 1,444; blank, 414. Question No. 3. Number voting 'Yes,' 1,274; 'No,' 1,043; blank, 345. Question No. 4. Number voting 'Yes,' 1,155; 'No,' 1,342; blank, 177.

"Dated, ———. [Signed] H. H. Pudney, Town Clerk."

Indorsed on the back: "Filed Feb. 22, '99. W. H. Foster, Co. Treas." Also stamped on the back of said statement are the printed words: "State of New York. Received Apr. 29, 1899. Department of Excise."

The verified returns by the respondent also show that by a majority vote of the legal voters of the town of Cortlandville upon questions 1, 2, and 4, said voters determined that no liquor should be sold or liquor tax certificates should be issued by said respondent in said town, and that, therefore, the respondent had no right or authority to receive said several sums of liquor tax money so offered and tendered to him, and issue said liquor tax certificates prayed for; none of said applications having been made for liquor tax licenses under question No. 3.

The petitioners claim that the respondent is not justified in withholding said liquor tax certificates, for the reason that the town clerk of the town of Cortlandville failed and neglected to file a certified copy of the statement of the result of said town meeting on the question of local option; that under said liquor tax law the petitioners were entitled to said certificates as matter of law, the county treasurer not having before him any legal evidence that the voters of said town had determined the question of local option against the issuing of liquor tax certificates. People ex rel. Richardson v. Sackett, 17 Misc. Rep. 405, 40 N. Y. Supp. 413; People ex rel. Thomas v. Sackett, 15 App. Div. 290, 44 N. Y. Supp. 593.

The question to be examined here is not quite novel, but it has never been absolutely settled by any decision of the appellate courts of this state as to the form of said certificate, or what it shall fully contain. In two proceedings to which the attention of this court has been called, Mr. Justice Werner and County Judge Sutherland passed upon cases similar to the cases at bar, and, while granting the petitions in those cases, criticised the form of the town clerk's certificate therein, but granted the relief prayed for unless a new certificate should be filed within five days; ordering that upon the filing of said certificate by the town clerk the petitioner's application for a liquor tax certificate should be denied. I prefer, however, to meet this question as it has been presented,—upon the form of the certificate made by the town clerk of Cortlandville, and filed with the respondent as treasurer of the county of Cortland, and the proceedings thereunder.

While the liquor tax law provides for the making and filing of

a certificate by the town clerk showing what has been done at the town meeting, that law does not prescribe the form of the certificate. Subdivision 4, § 16, of said act, provides:

"A certified copy of the statement of the result of the vote, upon each of such questions submitted, shall immediately after such submission thereof be filed by the town clerk or other officer with whom the returns of town meetings are required to be filed by the election law, with the county treasurer of the county," etc.

It will be seen, therefore, that the certificate must be a copy of the statement of the result of the vote upon each of the four questions submitted.

It is a well-known rule of interpretation that, where the form of the certificate is not prescribed in the act, it must be of such a nature as that it will substantially apprise the person to whom it is to be delivered of the facts sought to be brought to his notice, and upon which he is required to act. People ex rel. Richardson v. Sackett, 17 Misc. Rep. 405, 40 N. Y. Supp. 413; Sprague v. City of Rochester, 159 N. Y. 20, at page 26, 53 N. E. 697. Laws 1896, c. 112, § 16, subd. 4, also declares:

"It is further provided that in any town in which at the time this act shall become a law there is no license, it shall not be lawful for the county treasurer * * * to issue any liquor tax certificate provided for by this act, until such town meeting shall have voted upon the questions provided to be submitted by this section, and then to issue such liquor tax certificates only, as may be in accordance with the vote of a majority of the electors on the questions submitted, but not before the first day of May next following said vote."

The county treasurer is without authority to issue certificates in such towns, even though the applications made therefor seem to be correct in form. People ex rel. Thomas v. Sackett, 15 App. Div. 290, 44 N. Y. Supp. 593, reversing 17 Misc. Rep. 406, 40 N. Y. Supp. 414; People ex rel. Richardson v. Sackett, 17 Misc. Rep. 405, 40 N. Y. Supp. 413; People v. Hasbrouck, 21 Misc. Rep. 188, 47 N. Y. Supp. 109. In the cases at bar there was an effort made on the part of the town clerk to comply with said act, and to inform said respondent, whose business it was to issue the liquor tax certificates, that a majority of the votes of the town of Cortlandville had been cast for local option at the last annual town meeting,—against the issuing of said certificates; and, unless this statement is sufficient in form to be a substantial compliance with the provisions of said act, there is no evidence before this court to show that the county treasurer had any right to issue said liquor tax certificates, for the reason that there was no evidence before the respondent showing whether the voters had declared for or against the granting of liquor tax certificates,—there being no evidence before me, as shown by the moving and answering papers, that this section had ever been previously complied with by a submission to the voters. In re Wilber v. Welling, Bennett & Jackson (Stover, J.; Washington Co.; not reported). See authorities under section 16 of the recent liquor tax law, annotated. In the case at bar it is clear that the respondent understood the statement certificate made and filed, and was prepared to act upon that certificate. He was apprised: First. That this is a statement of

the vote of the town of Cortlandville on the question of local op-
tion at the annual town meeting held in said town February 21,
1899. Second. That on each of the questions submitted the clerk
had copied and summarized the votes in favor of granting liquor
tax certificates and those against; using the same method and
making the summary to each of the four questions submitted, and
signing the same in his official capacity as town clerk. Upon the
face of the statement thus certified the respondent was informed
that he had no right or power to issue the certificates prayed for
by the petitioners. With this knowledge, he determined that a
liquor tax certificate could not be issued. Has the court any right
to compel him to determine otherwise? People v. Commissioners
of Land Office, 149 N. Y. 26, 43 N. E. 418; People v. Hasbrouck,
21 Misc. Rep. 188, 47 N. Y. Supp. 109. Having information of the
fact that no license had been voted, was not the respondent bound
by the declaration and filing of the public, official record, when filed
by the town clerk in the proper office? Liquor Tax Law, § 15;
Election Law, § 113; Town Law 1890, c. 569, § 83. Having knowl-
edge of the decision made by the vote, was it necessary to file the
certificate in the precise form suggested by the act? People v.
Rice, 144 N. Y. 249, 39 N. E. 88; Election Law, § 111; Laws 1899,
c. 168, § 37. The respondent cannot be compelled to do an act
which he is not authorized to do. People ex rel. Thomas v. Sack-
ett, 15 App. Div. 294, 44 N. Y. Supp. 593. The statement, as signed
by the town clerk, was duly filed with the respondent the day fol-
lowing the town meeting, and before the applications of the peti-
tioners were presented to him for action.

In looking at the statute, we must see what was probably in the
minds of the legislators at the time section 16 and its several sub-
divisions were passed. Can there be any doubt as to what was
intended by the legislators in directing the making and filing of
said certificates? Can there be any doubt, in a legal sense, that
the sole object was that such a statement should be made by the
town clerk as would apprise the county treasurer that the legal
voters had determined that no certificates should be issued? This
being the object of the section, and the statement being sufficient
to inform the treasurer of the fact, would he then be justified, un-
der the law of local option, in overriding the will of the people, and
issuing a liquor tax certificate at all hazards? Sprague v. City of
Rochester, 159 N. Y. 20, 53 N. E. 697. I am forced to the conclu-
sion that the duty of the town clerk was merely directory, and
that the certificate or statement over his signature is sufficiently
definite in form to convey the knowledge sought to be acquired,
and should be declared a substantial compliance with that provi-
sion of the statute relating to the filing of the certificate. The
respondent had no right to disregard such statement of the result
of the town meeting, conceding it to have been only a partial com-
pliance with the act and irregular in form. Quære, can this ir-
regularity be attacked in this proceeding? People v. Hasbrouck,
21 Misc. Rep. 188, 47 N. Y. Supp. 109; People v. Austin, 20 App.
Div. 1, 46 N. Y. Supp. 526. The respondent could not act judi-

cially, nor had he the power to determine the form of such state-ment or information. His duties are ministerial, and he must stop there. People v. Hamilton, 17 Misc. Rep. 11, 39 N. Y. Supp. 531; People ex rel. Hartigan v. Macy (Longley, J.; Columbia Co.; not reported); People ex rel. Action v. Corkhill (Richardson, J.; Seneca Co.; not reported); People ex rel. Anderson v. Hoag (Keogh, J.; Westchester Co.). See Annotated Liquor Tax Law, under section 19. It will be seen that the legislators must have intended that this provision of the law should be met by a substan-tial statement of the facts sought to be known. They have fixed the form.of the liquor tax certificate, in the act itself; and, if the legislators had designed that any particular form should be used in notifying the county treasurer that the people had determined that no liquor tax certificate should be issued, they would undoubt-edly have provided the form, and furnished blanks of a particular character, as provided for by section 15 of said act. I cannot agree with Mr. Justice Werner and Judge Sutherland that the town clerk's statement and certificate must conform to that prescribed by section 111 of the election law. That certificate is designed for an entirely different purpose. It is to be used in the canvass of the vote to be declared by the board of canvassers. People v. Rice, 129 N. Y. 461, 29 N. E. 358; In re Stewart, 155 N. Y. 545, 50 N. E. 51. The form of that statement and certificate is prescribed by section 84 of the election law of 1896. I think it must there-fore be held that the statement over the signature of the town clerk is a certified copy of the statement of the result of the vote upon each of the questions submitted, and is a fair compliance with the law, under subdivision 4, § 16, of said act.

"Certify" is defined by the Standard Dictionary as follows:

"To give certain knowledge or information of; make evident; vouch for the truth of; attest. (2) To make statement to as matter of fact. (3) To testify in writing; give a certificate of; make a declaration about in writing, under hand, or hand and seal. (4) To make attestation, either in writing or orally, as to the truth or excellence of something, as 'He certified to the truth of the statement.' "

"Certificate" is defined as:

"A documentary declaration * * * regarding facts; * * * from the public authority, as an attestation of facts contained in a public record. 2. In law, a writing so signed and authenticated as to be legal evidence."

Holmes says:

"Certificates are, for the most part, like ostrich eggs. The giver never knows what is hatched out of them."

Bouvier defines "certificate" as a "writing by which testimony is given that a fact has or has not taken place."

The first part of section 16 and subdivision 4 provides for the man-ner in which the votes shall be cast and counted, and the time at which the submission to the people shall be made. The presumption is that the election officers performed their duty in receiving and counting the votes cast, and declaring the result·of the election. A provision of the election law makes that declaration notice to each person whose name is on the poll list. Election Law, § 112 (Election

Code 1891, § 746); Town Law (Laws 1899, c. 168) § 37. The presumption is that all persons who were legal voters were duly registered within the time prescribed by law, since it is the duty of the election officers to register all persons qualified to vote in the election district on the day of registration. Election Law, § 33, subd. 4.

Assuming that the clerk had been in sympathy with those who sought to obtain liquor tax licenses, and he had failed to file any certified statement, could he have nullified the vote of the town against license by withholding the filing of the statement provided by said act? People v. Wood, 148 N. Y. 142, 42 N. E. 536. In the case of People v. Hamilton (Co. Ct.) 58 N. Y. Supp. 584, Sutherland, J., holds that the will of the duly-qualified voters of a town, as expressed in a vote on the question of local option under the liquor tax law, should not be nullified by a mistake or omission of the town cerk or other ministerial officer in a matter of detail, which does not mislead the public or affect the result. People v. Wood, 148 N. Y. 142, 42 N. E. 536. It is said in this case last cited:

"It is impossible to suppose that the legislature used the word 'provided' as synonymous with 'prepared,' so as to visit upon voters a forfeiture of the franchise if an official should make any departure, in preparing the ballot, from the strict authority conferred upon him."

The holding of the town meeting is provided for by law, and was a matter of public notoriety, and was an act of which the county treasurer had the right to take notice, independently of the certificate of the town clerk; and in his return to this court he, in effect, says that, with the knowledge he had before him, he had no right to issue the liquor tax certificates prayed for. The respondent had no right to issue the liquor tax certificates asked for, with the statement made to him by the town clerk unimpeached. And with the knowledge of the provisions of the law, and the majority vote of the inhabitants against the granting of such certificates, the petitioners had no legal right to make these applications. Liquor Tax Law, § 16, subd. 4. The petitioners are prohibited from applying when they cannot lawfully obtain the certificates, and they might be liable for a violation of this act if they did obtain an unlawful liquor tax certificate. Liquor Tax Law, § 34. By section 38 of the liquor tax law, the respondent was charged with the responsibility of obeying the voice of the legal voters, and had he, in defiance of the statement made, issued the liquor tax certificates applied for, he could have been removed from office by the governor; and the respondent would also have been subject to a fine, and guilty of a misdemeanor. The petitioners themselves, under section 34 of the act, strictly construed, knowing the fact that local option had been adopted, had no legal right to make the applications; and the court ought not to aid them in receiving that which is unlawful, and which the county treasurer had no right to grant. The respondent is by law made the custodian of the liquor tax certificates, and, having no right to pass upon the form of the town clerk's certificate and statement, he could not be required, with that statement before him, and the knowledge that the legal voters had rejected the granting of liquor tax certificates, to issue them to the petitioners.

The court, upon a careful examination of all of the proceedings before it, finds and holds that the reasons given by the respondent for not issuing liquor tax certificates are reasonable, valid, and proper; nor will this court, in the first instance, voluntarily attempt to override the privilege of the voters to pass upon this question in their own manner. I therefore hold, determine, and decide that the county treasurer, the respondent, was justified in refusing to grant said liquor tax certificates to the petitioners, under the concluding paragraph of section 19 of the liquor tax law, under which he must issue them, if at all, and that he clearly stands within the exception referred to, that:

"Unless it shall appear by a certified copy of a statement of the result of an election held on the question of local option, pursuant to section 16 of this act, in and for the town where the applicant proposes to traffic in liquors under the certificate applied for, that such liquor tax certificate can not be lawfully granted, in which case the application shall be refused."

Under this provision, with the latter portion of subdivision 4 of section 16 of the liquor tax law, it seems to me it should be held to be a good, valid, and sufficient reason why the respondent should refuse to issue said certificates. And this court hereby determines that the respondent has given good, valid, and sufficient reasons for refusing to grant the liquor tax certificates applied for by the said several petitioners, since, if there is any doubt about said respondent's right to grant said certificates, the court should not exercise the discretionary power reposed in it to compel him to do so.

The proceedings must therefore be dismissed, and the prayer of the petitioners must be denied, with only one bill of costs to the respondent.