James S. Browe", J.
Defendant moves to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. In substance, the complaint alleges that defendant, a certified public accountant, was employed by the Lesley Manufacturing Corporation to examine its books of account and to render all services ordinarily required by a client from a certified public accountant; that the corporation, in the conduct of its business, was required to borrow large sums of money; that on August 16, 1955 the defendant, for the purpose of enabling the corporation to obtain credit, prepared from the books of the corporation a financial statement showing the financial condition of the corporation; that he “ certified ” that he had audited and closely supervised the books of record of Lesley Manufacturing Corporation for its fiscal year ending May 31, 1955 and in his opinion the financial statement, so prepared, fairly presented the financial condition of the corporation; that defendant, at the time of such representation, knew that the books of the corporation were falsified and that defendant’s financial statement did not represent the true financial condition of the corporation in that the corporation was insolvent; that the examination by the defendant of the corporate records had been recklessly and negligently made and the alleged opinion was not based upon nor the result of an examination conducted by him with reasonable care; that the representations were recklessly and wantonly made while the defendant either knew of their falsity or made and gave such opinion without knowledge or without opinion as to their truth or falsity; that the said representations, financial statement and certification were made by defendant with knowledge that they were to be used by the corporation for the purpose of procuring loans and securing credit on the faith thereof, and would be relied upon by those making such loans; that the plaintiff loaned the corporation money and extended credit on the faith of such representations, believing that such representations were true.
Defendant asserts that the insufficiency of the complaint lies in its failure to allege that the defendant made any representations; that the allegation made that the defendant “ certified” does not mean that he “ represented.”
*485 In People ex rel. Smith v. Foster (27 Misc. 576, 582) the court, adopting the definition of the Standard Dictionary, said that to “ ‘ Certify ’ ” means 1. “‘To give certain knowledge or information of; make evident; vouch for the truth of; attest. 2. To make statement to as matter of fact. 3. To testify in writing; give a certificate of, make a declaration about in writing, under hand, or hand and seal ’ ” and in Ettman v. Federal Life Ins. Co. (48 F. Supp. 578) the word “ certify ” has been defined to be equivalent in meaning to “ warrant.” Any action or conduct, which is sufficient to create upon the mind a distinct impression of fact conducive to action, is a representation. It accordingly follows that to allege that the defendant “ certified ” significantly asserts that more than a mere representation was made.
The motion is accordingly denied.