(October 14, 1988)

■ In the Matter of BERT S. FELDMAN, Appellant, v JEROME BULLOCH et al., Constituting the Board of Elections of the County of Sullivan, et al., Respondents.—Per Curiam. Appeal from an order of the Supreme Court (Torraca, J.), entered October 4, 1988 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondent Richard Conroy as the Republican Party candidate for the public office of Assessor in the Town of Bethel in the November 8, 1988 general election.

On September 9, 1988, the Republican Committee of the Town of Bethel, Sullivan County (hereinafter the Committee), nominated respondent Richard Conroy to run in the November 8, 1988 general election for the office of Town Assessor. Petitioner, a registered voter in the town who filed general and specific objections with the Sullivan County Board of Elections (hereinafter the Board) (see, Election Law § 6-154 [2]), commenced the instant proceeding to invalidate Conroy's certificate of nomination, contending that the nominating procedure violated Election Law § 6-108 on two bases. First, petitioner asserted that the Committee improperly nominated Conroy by caucus without first filing a rule change with the Board (see, Election Law § 6-108 [1]). Second, petitioner argued that the Committee failed to comply with the publication requirements of Election Law § 6-108 (3), since the notice was published in a newspaper 21 days prior to the caucus. Supreme Court rejected both objections and dismissed the petition.

We reverse. Several key facts are not in dispute. Prior to the general election in 1983, the Committee nominated its candidates by the caucus procedure. In 1983, the Committee switched to the primary nominating process. Notably, neither the Committee nor the Sullivan County Republican Committee has filed any nominating rules with the Board.

Election Law § 6-108 (1) provides that when a town committee opts to nominate candidates by primary, a certified copy of the rule must first be filed with the appropriate Board of Elections. That rule then remains in effect "until a certified copy of a rule revoking the same shall have been filed with such board at least four months before a subsequent primary" (Election Law § 6-108 [1]). Conroy's essential position is that since the Committee never filed any nominating rules with the Board, there was no need to file a certified rule change to return to the caucus method for the upcoming general election. We reach a different conclusion.

The prevailing statute, as it existed in 1983 when the Committee opted to change from the caucus to primary method after 20 years, specifically provided that "[i]f the rules of a county committee do not provide for a method of nomination, all such nominations shall be made in accordance with the existing practice in the town" (Election Law § 6-108 [former (1)]; see, L 1982, ch 352, § 1). As indicated, the existing practice in 1983 was nomination by caucus. It follows, therefore, that in 1983 the Committee was obligated to file a rule change with the Board when it changed its method of nomination, and the failure to do so violated Election Law § 6-108 (former [1]). Had the Committee properly filed in 1983, there is little question that under the present statute a rule change filed at least four months prior to the September 15, 1988 primary would have been required to return to the caucus method. To suggest, as Conroy now does, that the previous failure to file negates any present obligation to file is implausible. In simpler terms, Conroy's thesis is that two wrongs make a right, and carried to its logical extreme would allow the Committee to indefinitely avoid the requirements of Election Law § 6-108 (1), which serves the laudable purpose of notifying the electorate as to how candidates are nominated. Such an objectionable result is to be avoided (see, McKinney's Cons Laws of NY, Book 1, Statutes § 141). Consequently, we hold that the Committee's failure to file a rule change with the Board by May 15, 1988, changing its nomination method from primary to caucus, violated Election Law § 6-108 (1). Conroy's certificate of nomination is, therefore, invalid.

The second objection raised by petitioner is also well taken. Notice of a party caucus, when published in a newspaper, must be given within "one week and not more than two weeks preceding the caucus" (Election Law § 6-108 [3]). As indicated, the notice here was published 21 days prior to the caucus. Time limitations in the Election Law are mandatory and,

thus, the notice here was untimely (see, Matter of Rutherford v Jones, 128 AD2d 978, lv denied 69 NY2d 606).

Order reversed, on the law, without costs, petition granted, and the certificate of nomination naming respondent Richard Conroy as the Republican Party candidate for Town Assessor in the Town of Bethel for the November 8, 1988 general election is declared invalid.

Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.