(October 25, 1988)

■ In the Matter of ARTHUR E. THALMANN, Respondent, v JEROME BULLOCK et al., Constituting the Board of Elections of the County of Sullivan, Respondents, and DAVID GOODSTEIN et al., Appellants.—Per Curiam. Appeal from a judgment of the Supreme Court (Williams, J.), entered October 17, 1988 in Sullivan County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondent David Goodstein as the Democratic Party candidate for the office of Councilman of the Town of Liberty in the November 8, 1988 general election.

In July 1985, the Democratic Committee of the Town of Liberty, Sullivan County (hereinafter the Committee) adopted a rule selecting the primary method for nominating its candidates rather than the caucus method. A certified copy of this rule was duly filed with the Sullivan County Board of Elections (hereinafter the Board). Thereafter, on December 28, 1987, the Board's Democratic Chairman, respondent Timothy E. Hill, received an uncertified letter from the Committee's secretary advising Hill that, at the Committee's recent meetings, "it was duly decided to return to the caucus system for choosing candidates from the present petition system". Subsequently, respondent David Goodstein was nominated by the caucus method to run as the Democratic Party nominee for Town Councilman. Goodstein's nominating certificate was filed

with the Board in a timely fashion. Petitioner, a registered voter in the town who filed general and specific objections with the Board, commenced the instant proceeding to invalidate Goodstein's certificate of nomination contending, *inter alia*, that the Committee did not comply with Election Law § 6-108 (1) with respect to its nominating procedure. Petitioner asserted that the Committee improperly nominated Goodstein by caucus without first filing with the Board a certified copy of the rule changing the nominating procedure back to the caucus method. Supreme Court granted the petition and this appeal by certain respondents ensued.

There must be an affirmance. Election Law § 6-108 (1) provides that after a town committee opts to nominate candidates by primary, that rule then remains in effect "until a certified copy of a rule revoking the same shall have been filed with such board at least four months before a subsequent primary". Respondents maintain that the December 1987 letter sent to the Board sufficiently complied with the statute since it served the purpose of notifying the public as to how the party's candidates were being nominated *(see, Matter of Feldman v Bulloch*, 144 AD2d 102, 103). Further, respondents dismiss as unimportant the fact that the letter was uncertified, essentially arguing that the requirement is virtually meaningless and exalts form over substance.

We cannot agree with either of these contentions. The statute unambiguously requires that, in order to validly revoke a prior rule, a copy of the new rule must be filed and that copy must be certified. Here, the December 1987 letter submitted by the Committee was obviously not a copy of its rule. As for the certification requirement, an individual who certifies a document does more than merely state a fact, he actually vouches, attests or warrants that the information being certified is true *(cf., Mutual Ventures v Barondess*, 17 Misc 2d 483, 484-485). Thus, the requirement is hardly meaningless and we will not presume that the Legislature deliberately employed an unnecessary term *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 231). We have examined respondents' remaining arguments and find them to be similarly lacking in merit.

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.