DANIEL LYDICK, PLAINTIFF IN ERROR, V. LEVI KORNER, DEFENDANT IN ERROR.

1. **Liquor Selling:** CANCELLATION OF LICENSE: TREASURER NOT LIABLE. Where a remonstrance against issuing a license to sell liquor was overruled by a city council, the amount required for the license paid to the city treasurer, and no appeal having been taken within a reasonable time, and license issued, *Held*, That the subsequent cancellation of the license by the district court, the money having been paid into the treasury, did not render the treasurer liable for the repayment of the money.

2. ——: ——. REFUNDING LICENSE MONEY. Where a license is canceled the court should direct repayment *pro tanto* of the amount paid for the same for the unexpired time.

ERROR to the district court for Richardson county. Tried below before DAVIDSON, J.

*Martin & Gilman*, for plaintiff in error, cited: *State, ex rel. Johnson, v. Cornwell*, 12 Neb., 470. *Horn v. State*, 1 Ohio State, 121. *State, ex rel. Noonan, v. Lincoln*, 6 Neb., 15.

*Amos E. Gantt* and *C. Gillespie*, for defendant in error, cited: *Lydick v. Korner,* 13 Neb., 10. *Pundt v. Clary,* 13 Neb., 406. *Pleuler v. The State,* 11 Neb., 577. *VanBuren v. Downing,* 41 Wis., 122. *Emery v. Lowell,* 127 Mass., 138. *Herman v. Edson,* 9 Neb., 157.

MAXWELL, J.

The plaintiff obtained a license from the proper authorities of Falls City in October, 1881, to sell intoxicating liquors in that city, during the then fiscal year. A remonstrance had been filed against the granting of license, which was overruled, and after a delay of ten or twelve days, no appeal having been taken, the license was issued. At the next term of the district court, however, held in December thereafter, a transcript was filed in the district court, the remonstrance sustained, and the license canceled. The case was brought into this court on error, and the judgment of the district court reversed. *Lydick v. Korner,* 13 Neb., 10.

Upon the cancellation of his license the plaintiff closed his saloon, and brought this action against the defendant, who at that time was city treasurer, to recover the money paid for the license. The court below found for the defendant, and dismissed the action. It is unnecessary to review the assignments of error at length, as there can be no recovery against the defendant. He merely performed his duty, and paid the money into the city treasury, and had done so before the action was brought, therefore he is not liable. It is evident, however, that the plaintiff has sustained a wrong. He was entitled either to a license or a return of the money paid for the same, at least *pro tanto* for the unexpired time upon the cancellation of the license, and the court should have directed its repayment. This is but justice. *The State v. Cornwell,* 12 Neb., 470.

But no relief can be given in this action.    The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.