(1 App. Div. 127.)

PEOPLE ex rel. FRENCH v. TOWN, Receiver of Taxes.

(Supreme Court, Appellate Division, Third Department. February 3, 1896.)

1. MUNICIPAL CORPORATIONS—VILLAGES—POWER OF STREET COMMISSIONERS TO EMPLOY COUNSEL.

The board of street commissioners of a village have no authority to employ counsel to defend property or funds under their supervision, the power to employ counsel for the village vested in the board of trustees being exclusive; and a warrant issued by the board of street commissioners in payment of counsel fees is illegal.

2. APPEAL—MANDAMUS—PARTY AGGRIEVED.

Under Code Civ. Proc. § 1294, the receiver of taxes of a village, against whom a peremptory writ of mandamus has been awarded to compel the payment of a warrant, is a "party aggrieved," and may appeal.

Appeal from special term.

Proceeding on relation of Winsor B. French for a writ of mandamus against Byron J. Town, as receiver of taxes of the village of

Saratoga Springs. From an order granting a peremptory writ, the defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MER-WIN, and PUTNAM, JJ.

A. W. Shepherd, for appellant.

Edgar T. Brackett (Richard L. Hand, of counsel), for respondent.

PARKER, P. J. The board of street commissioners in the village of Saratoga Springs, learning that the receiver of taxes of such village had paid out from a certain fund raised on its requisition, and standing to its credit upon his books, the sum of about $6,000, upon a claim which had been presented to it, and the allowance of which was then disputed, employed the relator as an attorney to take legal measures to protect its interests in the matter. The relator rendered service under such employment, and presented a bill for the same to the board. The board allowed the bill, and, under the "item of current expenses," procured the amount to be placed in the village tax budget for the year 1895. The sum was collected from the taxpayers, and placed to the board's credit on the books of the receiver of taxes. Subsequently, it issued to the relator a warrant in due form directing such receiver to pay the amount to the relator. The receiver refused to make such payment. A peremptory writ of mandamus was subsequently issued by the special term, requiring the receiver to make such payment, and from the order allowing such writ this appeal is brought.

It is manifest that, if the board of street commissioners had no authority to employ an attorney at the expense of the village, the payment of his services would not be a legal charge, and could not be made a proper item of their "current expenses." The first question that presents itself, therefore, is whether such claim of authority on their part is a correct one. It is claimed by the relator that the board which so employed him was vested by the statute with the care, management, and control of all the property appertaining to the construction, maintaining, caring for, and lighting the streets of the village, and with the sole power to direct the control of the funds raised for that purpose; that it also had authority to sue for and to take legal proceedings necessary to defend such funds. Concede all these duties and powers as claimed, and yet it does not necessarily follow that the employment of counsel, at the expense of the village, to conduct such proceedings, was within the power given them. The property which it is their duty to protect is the property of the village; and the board itself is but one of the departments of the village government. It has the powers given it by statute, and those necessary to enable it effectually to perform the work and duties so imposed upon it, nothing more. The duty of employing counsel to take such legal proceedings as shall be necessary to protect the village property is given to another department of the village, to wit, the board of trustees of the village. It appears that such department had performed that

v.37 N.Y.s.no.6—55

duty, and employed an attorney, whose advice and assistance was at the service of this board, and therefore there was no necessity for its employing another. Even if the right to employ counsel would ordinarily be inferred as a power incident to the duty of bringing suit to protect public funds, yet, when it appears that other provisions are made by the charter for the employment of such counsel, such inference vanishes. The necessity being removed, the incidental power would cease.

The suggestions made by the court below that the controversy was one between two branches of the village government, and that hence the employment of additional counsel was necessary, we cannot adopt. The litigation was not in fact between different departments. It was an inquiry as to whether funds clearly belonging to the village had been properly paid out by one of its officers. The interests of the village were on the one side, and the interests of those to whom it had been paid were upon the other. In such a case, evidently, the village attorney would have but one duty to perform, and would owe allegiance to but one side. His services were at the disposal of any board, whose duty it was to inaugurate such an inquiry; and such service should have been called for, instead of incurring additional and unnecessary expenses. This precise question has been before the general term in this department in the case of Collins v. Village of Saratoga Springs, 70 Hun, 583, 24 N. Y. Supp. 234; and it was there said, "The authority vested in the trustees to employ counsel and attorneys is exclusive;" and that conclusion was reached from a line of reasoning similar to the above. Possibly, a decision of that precise question was not necessary to the decision of that case, but it was one naturally suggested by the claim made in that case, and the reasoning is satisfactory to, and is adopted by, us. It was also adopted by the court of appeals, inasmuch as the case was there affirmed upon the opinion of the general term. 140 N. Y. 637, 35 N. E. 892.

We conclude that the board of street commissioners had no authority to employ the relator, and the expense for so doing was not a proper item of their "current expenses." It follows that the receiver of taxes was right in refusing to pay the warrant drawn against him in favor of the relator, and that the writ requiring him to do so was erroneously issued.

It is further claimed that the receiver is not a party aggrieved by the order, and cannot therefore institute an appeal therefrom. We think he is a "party aggrieved," within the meaning of section 1294 of the Code. The principle involved seems to be decided in People v. Jones, 110 N. Y. 509, 18 N. E. 432. It also appears that, upon the presentation to him of the writ, the respondent promptly paid to the relator the amount claimed by him. Under the provisions of Code, § 1323, we are authorized to order restitution of that amount. And, inasmuch as we conclude the relator is not lawfully entitled to it, we have but one duty to perform in that regard. Manifestly, we must direct its restitution to the village treasurer. The order appealed from is reversed, with costs and

disbursements, and an order must be entered directing the relator to refund to the receiver of taxes of the village of Saratoga Springs the amount paid by him in obedience to the writ issued therefor.

Order reversed, with $10 costs, and restitution ordered. All concur.