(15 App. Div. 290.)

PEOPLE ex rel. THOMAS v. SACKETT, County Treasurer.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

1. INTOXICATING LIQUORS—LOCAL OPTION—SPECIAL TOWN MEETING.
    Laws 1896, c. 112 (Liquor Tax Law) § 16, provides that each officer of a town charged by the election law, or by any special act relating to elections in any town, with the duty of preparing official ballots, shall have prepared, "at the time fixed by law for preparing the ballots for a town election occurring next after the passage of this act," ballots for voting on local option. The town law (Laws 1892, c. 680, § 86, as amended by Laws 1895, c. 810) provides for the preparation of official ballots for the election of town officers, but does not require official ballots for any other elections. Section 12 provides for the election of town officers at the annual town meeting. Section 25 provides for special town meetings, at which specified propositions may be voted on. *Held*, that a local option election can be held only at an annual town meeting.

2. APPEAL—PARTY AGGRIEVED—PUBLIC OFFICER.
    A county treasurer is a "party aggrieved" (Code Civ. Proc. § 1294) by an order compelling him to issue a liquor tax certificate.

3. INTOXICATING LIQUORS—REVERSAL OF ORDER GRANTING CERTIFICATE—RESTITUTION.
    Restitution will be ordered of money paid for a liquor tax certificate where the order directing the county treasurer to issue it is reversed.

Appeal from special term, St. Lawrence county.

Certiorari by George M. Thomas to review the account of Martin R. Sackett, as county treasurer of St. Lawrence county, in refusing a liquor tax certificate to relator, an hotel keeper in the town of Edwards. From an order reversing the refusal of the county treasurer to issue the certificate, and directing that such certificate issue (40 N. Y. Supp. 414), defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Ledyard P. Hale, for appellant.

John C. Keeler, for respondent.

PARKER, P. J. The relator in this matter applied to the treasurer of St. Lawrence county for the certificate authorized by section 19 of chapter 112 of the Laws of 1896, commonly known as the "Liquor Tax Law." He was a resident of the town of Edwards, in that county, and fully complied with all the requirements of such section. The treasurer, however, refused to issue to him a certificate, upon the ground that, at the time the above-cited act took effect, there was no license in the town of Edwards, and that no vote of such town had been since lawfully taken authorizing the sale of liquor in such town. The relator thereupon procured, under the provisions of section 28 of that law, a writ of certiorari, returnable before a justice of this court; and upon the hearing

44 N.Y.S.—38

thereof an order was made directing the county treasurer to issue a certificate to the relator upon his paying the tax required · by section 11 of such act. From such order an appeal is brought to this court.

It is conceded that, at the time the above act became a law, there was no license in the town of Edwards; also, that a town meeting was held on April 25, 1896, in such town, and the questions allowed by section 16 of such act were then submitted to the voters of the town, and that a majority of the votes then given were in favor of the sale of liquor in such town. The treasurer, however, contends that inasmuch as such meeting was a special town meeting, called merely for the purpose of submitting such questions to it, it was not such a meeting as is contemplated by section 16, and that, therefore, the vote taken thereat was without force or effect.

The first question presented is whether such meeting was or was not a special town meeting, called for that purpose only. It is claimed by the respondent that, from the record before us, we cannot assume that it was not the annual town meeting, then held in such town. It is true that, under the law as it now exists,—section 10 of the town law (chapter 569 of the Laws of 1890), as amended by chapter 82 of the Laws of 1893,—the meeting for the annual election of town officers may have been held in the town of Edwards on the 25th of April, 1896, and that the averment in the petition is substantially to that effect. But the return of the treasurer substantially denies that averment, by stating that the certificate was refused because the meeting in question was a "special town meeting," and therefore without jurisdiction; and upon a certiorari the court is to be controlled by the statement of facts contained in the return to the writ. People v. Commissioners Dept. Fire & Buildings, 106 N. Y. 64, 67, 12 N. E. 641. It also appears very clearly that the only question raised upon the hearing below was as to the jurisdiction of such meeting, and no such question could have arisen unless it had been assumed that it was a special, and not an annual, one. Upon this appeal, therefore, we must assume and decide the question presented, on the theory that the meeting of April 25th was a special meeting, called for a special purpose.

An analysis of section 16, above referred to, shows that it provides for submitting to the electors of the town the question whether any liquors shall be sold therein, in the following manner: First, it designates the officer who is to prepare the ballots for that purpose, to wit, the officer of the town charged by the election law with the duty of preparing official ballots. Section 86 of that law (chapter 680, Laws 1892, as amended by chapter 810, Laws 1895) requires the town clerk to prepare such ballots for any town meeting for the election of town officers, held upon a different day from a general election. There does not seem to be any provision in that law, or in any other, requiring any officer to provide official ballots for any town meeting, except one for the election of public officers. Next it provides the time when he shall have such ballots prepared, viz. "at the time fixed by law for preparing the ballots

for a town election occurring next after the passage of this act."
Section 12 of the town law provides for the election of town officers
at the annual town meeting.   Section 25 of that law provides for
"special town meetings," at which certain propositions (therein spec-
ified) may be voted upon.   Such meetings are held whenever called
by certain officers or taxpayers therein specified, and no election of
officers can be had at any such meeting.   It is also further provided
by section 34 of the town law that no proposition then presented
shall be voted upon by ballot, unless a particular request and no-
tice, therein provided for, is made and given; and in that case the
town clerk is to provide ballots therefor, either written or printed;
and evidently not as official ballots.   No special form is required
for them, and evidently nothing prevents the elector from using his
own, instead of voting them.   Now, what does section 16 mean by
the phrase "at the time fixed by law for preparing the ballots for
a town election," etc.?   Evidently not upon any day that a special
town meeting shall be called and held, for there is no time fixed
by law for providing official ballots for such a meeting, nor any
provision of law for using them at such meeting.   Such a meet-
ing is not in any sense a "town election."   No officer can be elected
at such a meeting, and, in many instances, no ballots need be used
thereat.   The phrase "town election," therefore, can only refer to
the annual town meeting at which officers are elected.   For such
a meeting the town clerk is required by section 86 of the election
law to prepare official ballots, and have them ready and open to
public inspection one day before the election is held; and that elec-
tion day is fixed by law, and must occur on the same day in each
year, without any notice being given thereof.   Town Law, §§ 10, 26.

It seems, therefore, that under section 16 the meeting therein
referred to is the one at which a town election for officers may
be held,—one at which official ballots are required to be used, and
for which it is made the duty of the town clerk to prepare such
ballots at a fixed and stated time.   The annual town meeting is the
only one to which these provisions are applicable; and when that
section requires the town clerk to have prepared the ballots there-
in specified, at the time fixed by law for preparing the ballots for
a town election occurring next after the passage of that act, it re-
quires him to prepare them at the same time he does the ballots for
the next annual town meeting.   Thus the intent of the statute ap-
pears,—to submit the question at the next annual town meeting,—
and is in harmony with the subsequent provision that the same
questions shall be submitted at the annual town election in every
second year thereafter, if a sufficient number of the electors peti-
tion therefor.   Moreover, the statute evidently intends to preserve
intact the condition in which it finds each town at the time the law
takes effect.   Section 16, above cited, provides that, in towns where
no license exists at the time the act becomes a law, no liquor tax
certificate shall be issued until the electors of the town shall have
changed that condition, by taking a vote as provided in that sec-
tion; that is, the existing condition shall not be changed by the
mere change from the old to the new excise law.   So, also, the

method for effecting the change, as provided by section 16, is so arranged that the existing condition may not be changed any sooner than it could have been had the new law never been passed; that is, it can be changed at the next annual town meeting, but no sooner. The new law undoubtedly intends to provide a more definite and precise method for expressing the will of the electors upon that subject, but it is careful to not interfere at all with the existing conditions in the several towns of the state at the time it takes effect; and I do not see any reason why a different intent should be expected or sought for. It was evidently just not to force upon a town that had secured, at the last annual meeting, exemption from the sale of liquor therein for a year, a law that would operate to change that condition, or that would force them to another vote to determine what they had so recently settled. The fact that a better method of expressing the popular will on that question was to be thereafter adopted does not indicate an intent to force, by its immediate use, an immediate change in a condition which had in most instances been recently and fairly adopted. I conclude that it was the intent of the legislature that the vote upon the propositions allowed by section 16, above cited, should be had at an annual town meeting, and that, therefore, the action of the meeting held on April 25, 1896, was inoperative, and the treasurer was correct in not recognizing the same.

It is claimed by the respondent that no appeal lies from the order made at special term in this matter. The writ of certiorari is a special proceeding (title 2, c. 16, of the Code), and the order from which this appeal is taken affects a substantial right therein. It is therefore appealable under section 1356 of the Code. The county treasurer, by that order, is directed to do an act which, as a public officer, he is not authorized to do; and, although it does not affect him pecuniarily, he has such an interest in the subject as to make him a party aggrieved, within the meaning of section 1294 of the Code. People v. Jones, 110 N. Y. 509, 18 N. E. 432; People v. Town, 1 App. Div. 127, 37 N. Y. Supp. 864.

It does not appear from the record whether or not the tax has been paid and a certificate issued, but we understood it to be conceded upon the argument that such is the case. Under such circumstances, justice requires that restitution of the amount should be made. The relator paid the tax relying upon the order which we now reverse, and we are of the opinion that the case therefore comes within the provisions of section 1323 of the Code. Under that section this court has power to order restitution. We therefore conclude that an order should be entered reversing the order appealed from, with costs in the court below, and revoking and canceling the tax certificate issued, and awarding restitution to the relator of a pro rata amount of the tax paid by him therefor, with $10 costs and disbursements to the appellant of this appeal. All concur.