STATE OF DELAWARE, ex rel. DANIEL McCORMICK, *vs.* GEORGE M. FISHER, Mayor of the City of Wilmington.

*Mandamus—City of Wilmington—Council; Contracts of—Signing by Mayor—Ministerial Duty—Peremptory Writ.*

The power to award contracts for the removal of garbage, etc., in the City of Wilmington is vested by ordinance exclusively in the Council, and the function of the Mayor in signing and affixing the seal of the city is merely ministerial.

(*June 6, 1903.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Robert G. Harman* for relator.

*David J. Reinhardt,* City Solicitor, for respondent.

Superior Court, New Castle County, May Term, 1903.

MANDAMUS (No. 146, February Term, 1903).

The successive steps taken in the above case were as follows:

A petition praying that a peremptory writ of mandamus issue, commanding the said respondent to sign and affix the official or corporate seal of " The Mayor and Council of Wilmington" to the contract made by the council of said corporation with the relator on February 1st, 1903, for the removal of garbage and offal of Wilmington, was filed February 28, 1903.

Same day counsel for respondent waived the issuance of the alternative writ and elected to answer.

February Term, 1903, continued.

June 4, 1903, motion by counsel for relator to quash return and that the said peremptory writ issue.

The petition set forth the following facts:

The Council of Wilmington, at the proper time required by law, advertised for bids for the removal of garbage for the entire city of Wilmington and, among others, for the Fourth District—being the district north of Sixth Street and West of Market.

In response to the said advertisement, five bids were received, made by various persons; and among others there was one by McCormick, the relator. McCormick's bid was not the lowest and was not the highest; there being one higher than his bid.

The Council of the City of Wilmington had the several bids referred to the Special Committee on Crematory, which committee after considering the same, referred the matter to the Council sitting as a Committee of the Whole, when it came up the second time for full consideration, everything possible being brought before the attention of the Council sitting as such committee of the whole. Subsequently the Council, so sitting, made its report to the council itself, and for the third and last time the matter came up for full consideration, when in open council a resolution was passed awarding the contract to the relator, McCormick. The contract was thereupon drawn up and presented to George M. Fisher, Mayor, for his signature and the affixing of the corporate seal. He refused, however, to so execute said contract.

The answer of the respondent alleged that the said contract was illegal and void (it having been awarded to the relator after some 2400 complaints of failure to perform his duty had been filed with the Board of Health against him while he held a similar contract during the year previous), under an ordinance of the City providing " That no bid shall be received or considered from any person or persons who, after the passage of this ordinance, shall have failed in the performance or due execution of any contract that they are or may be engaged in for the corporation of the City of Wilmington." Also that the contract was not awarded to the lowest and best bidder; that the Mayor being an essential part

of the municipality and having refused to sign the alleged contract and to affix the corporate seal to the same, it was no contract.

*Harman for the relator :*—We ask that the answer be quashed and stricken out for these reasons :

1. Because the contract was awarded to the lowest and best bidder.

2. Because the awarding of the said garbage contract belongs solely and exclusively to the Council, the Mayor having nothing to do with it.

3. Because the filing of complaints with the Board of Health against the firm of McCormick and Riley, who had a prior contract for the removal of garbage for said district did not constitute a failure in the execution or performance of that contract.

4. Because the filing of complaints with the Board of Health as to the removal of garbage against any contractor does not constitute a failure in the performance and execution of a contract.

5. Because the City Council is the party named by law to exercise full, sole and exclusive jurisdiction over all such matters.

In regard to these complaints; under an ordinance on page 50 of the City Charter, passed in 1900, it is made the duty of the Board of Health when complaints are filed with that Board to report the same to the Council monthly, and the Board of Health never, during the entire existence of this Council, reported to the Council one single complaint.

Every officer is presumed to do his duty. Even if there is anything in this contention about complaints—which I don't think there is—Council clearly had a right to rely upon the fact that the Board of Health was discharging its duty in accordance with law.

It never having received any complaint from that body, certainly no blame can be laid to the Council on that account, if there should be anything in that contention.

Our contention is, however, that even if these complaints had all come before the Council, that being the body especially constituted by the Legislature to award the contracts and deal with these matters and exercise discretion and judgment, unless it could be shown that the Council either went outside its jurisdiction or acted in gross bad faith equivalent to fraud, there is no Court that would interfere with or disturb a judgment of that body specially constituted by the Legislature to determine such matters.

LORE, C. J.:—One of your averments is that it is not necessary for the Mayor to sign at all. If that is determined by the Court, what further do you want?

*Mr. Harman*:—I don't think there is anything more.

*Reinhardt* for respondent replied.

LORE, C. J.:—As the ordinance vests in the Council the exclusive right to determine any alleged failure of performance and award these contracts, and the function of the Mayor in signing and affixing the seal of the city is merely ministerial, we think that he ought to do it.

*Mr. Reinhardt*:—Suppose the Council in good faith awards a contract in violation of the ordinance?

LORE, C. J.:—We are not deciding questions in the air. We think that in this case the power is vested exclusively in the Council to decide and award the contract, and that the functions of the Mayor in signing and affixing the seal of the City are merely ministerial.

The Mayor is not to undertake to decide between parties what is legal or illegal.

(The Court thereupon made the following order):

And now to wit, this tenth day of June, A. D. 1903, it appearing to the Court here that the return of the respondent to the rule to show cause why a peremptory writ of mandamus should not issue, filed in this cause, is insufficient in law; it is considered, ordered and adjudged by the Court that notwithstanding the return of the respondent to the rule to show cause, and he having by his counsel waived the issue of an alternative writ, the peremptory writ of mandamus of the State of Delaware issue commanding the said respondent to meet at the Mayor's office in the City Hall Building in the City of Wilmington, on or before the twelfth day of June, A. D. 1903, and there sign the contract and affix the official or corporate seal of "The Mayor and Council of Wilmington" to the contract made by the Council of the said "The Mayor and Council of Wilmington" on or about the first day of February, A. D. 1903, for the removal of garbage and offal of Wilmington in accordance with law and to make return to the Court here to the said peremptory writ on the eighteenth day of June, A. D. 1903.

CHAS. B. LORE, C. J.