[No. 11249.    Department One.    August 9, 1913.]

THE STATE OF WASHINGTON, *on the Relation of William Maddaugh et al., Appellant,* v. J. E. RITTER, *as Mayor of the City of Republic, Respondent.*[1]

INTOXICATING LIQUORS—LICENSE FEES—REFUND—MUNICIPAL CORPORATIONS—POWERS—MORAL OBLIGATION. A city council, upon cancelling a liquor license for no fault of the licensees, may refund the unearned portion of the license money, without express statutory authority, since it was a moral obligation which they could pay or compromise.

MANDAMUS — TO CITY OFFICERS — MINISTERIAL DUTIES — SIGNING WARRANT. Where the city council has, within its authority, allowed a claim, the mayor's duty to sign the warrant is ministerial, and mandamus lies to compel its performance.

Appeal from a judgment of the superior court for Ferry county, Pendergast, J., entered January 3, 1913, dismissing a proceeding in mandamus, after sustaining a demurrer to the petition. Reversed.

*Samuel Porter* and *Charles P. Bennett,* for appellant.

*Frank M. Allyn,* for respondent.

*J. W. Faulkner, amicus curiae.*

CHADWICK, J.—The relators were granted a license to sell liquor in the town of Republic. After they had engaged in business for some time, the license was transferred, with the formal consent of the city council, to one Foley. Foley was thereafter prosecuted and convicted of the crime of selling liquor without a license, the court evidently holding that the transferred license was void for the reason that relators were not citizens of the United States at the time it was issued. Rem. & Bal. Code, § 6297 (P. C. 267 § 39). Thereupon the plaintiffs asked the city council to rebate or refund a part of the unearned license fee, the said Foley having relinquished

[1]Reported in 134 Pac. 492.

his rights if any, in favor of relators. The council allowed the claim to the extent of $225, and ordered a warrant drawn therefor. Respondent, who is mayor of the city, refused to sign the warrant, whereupon, relators petitioned the court for a writ of mandamus. A demurrer to the petition was sustained, relators refused to plead further; and this appeal is prosecuted from a judgment of dismissal.

There is something in the briefs suggesting the bad faith of the relators. We find nothing in the complaint, which is admitted to be true on demurrer, to warrant us in so holding or in discussing the case upon that theory. On the contrary, we are bound to hold, upon the record before us, that the relators as well as the council have proceeded in the utmost good faith and with no wilful intent to violate the law. The licensees proceeded to do business until the license was held to be void by the court. Thereupon, they ceased to do business. The holding that the license was void was not grounded upon any act of misconduct in the operation of the business, but solely because the relators were not citizens of the United States. It is contended, under this state of facts, that relators cannot compel the signing of a warrant which has been drawn under a formal order of the council.

Let us assume—in principle it will be the same case—that, after the licensees had operated for a part of the term, the city council had discovered that they were not qualified to hold a license, because they were not citizens of the United States, and had notified them to come in and surrender the license. Waiving the question of what the city can be compelled to do, can there be any question of what it should do? In the absence of a controlling statute, the public should observe the same rules of conduct as it insists upon in the citizen when dealing with his fellows. The same obligation to do justice rests upon it as rests upon an individual. If the city can be estopped—and it can be in cases where it has original power to act (*Green v. Okanogan County*, 60 Wash. 309, 111 Pac. 226; *Franklin County v. Carstens*, 68 Wash. 176, 122 Pac.

999; *Criswell v. Directors School District No. 24,* 34 Wash. 420, 75 Pac. 984; *Coliseum Inv. Co. v. King County,* 72 Wash. 687, 131 Pac. 245)—it can formally waive a legal right where the claim is doubtful, or in obedience to the demands of equity and justice. While the authorities are endless and in hopeless confusion upon the subject of rebate of liquor license taxes, the courts have generally, being otherwise free to act, applied the doctrine of justice and right as between man and man. *Lydick v. Korner,* 15 Neb. 500, 20 N. W. 26; *Martel v. East St. Louis,* 94 Ill. 67; *People ex rel. Thomas v. Sackett,* 15 App. Div. 290, 44 N. Y. Supp. 593.

The council has power to audit and allow claims. It has an inherent power (28 Cyc. 1752), to compromise claims.

"The city by its legislative body has admitted the justice of that claim and that it of right ought to be paid, though the relator, for technical, rather than for substantial, reasons, could not collect the same from the city by an action, . . . Under this state of facts we think that the board of legislation might legally pass an ordinance directing the payment thereof, . . . and make it obligatory upon the officers of the corporation to carry out its provisions." *State ex rel. Kessler v. Brown,* 4 Ohio Cir. Dec. 345.

"It is in the power of towns to settle claims which may be made upon them arising out of their administration of their municipal affairs. A vote to appropriate money for such a purpose is therefore binding upon them, even if upon subsequent examination it is ascertained that the claim which was to be settled thereby was one which could not have been successfully maintained." *Matthews v. Westborough,* 131 Mass. 521.

See, also, *Bailey v. Sherry,* 3 Pa. Dist. 543.

It is true that there is no statutory warrant for such repayment, nor is any necessary. The right is founded in the doctrine of common honesty. *Lydick v. Korner, supra.* Such repayment might not be compelled (that question is not before us) but the council may, if it sees fit, return any money which has been paid under a mistake of law or of fact, and to which it has no moral claim. *Pimental v. San Francisco,* 21

Cal. 352; *Soderberg v. King County*, 15 Wash. 194, 45 Pac. 785, 55 Am. St. 878, 33 L. R. A. 670.

We do not have to go beyond the decisions of our own court to sustain our conclusions. In *Pearson v. Seattle*, 14 Wash. 438, 44 Pac. 884, it is said:

"Appellant also contends that a license issued by a city is a mere permit or privilege to engage in a specified business and does not create any contractual relation or obligation between the city and the licensee, and is revocable at the discretion of the municipality, and that there is therefore no obligation on the part of the city to refund the whole or any part of the money paid for such privilege. Conceding that the city, in the exercise of its police power, had a right to revoke respondent's license, as it did virtually revoke it by Ordinance No. 3152, yet it does not follow that it has a right to retain the money received for a license for a time during which such license was rendered valueless by its own act. The respondent paid his money for a consideration which he has, in part, failed to receive, by reason of the act of the city. On the other hand, the city has received money for the granting of a privilege which it has repudiated and annulled. It is, therefore, in justice and equity, bound to repay it."

We have not overlooked counsel's insistence that the complaint is defective in that it does not allege that the license was void, or that the relators are aliens, or that they have surrendered their license, or that they did not operate their saloon until the limit of the license. We have examined the complaint carefully and are satisfied that it states a cause of action. There was no motion to make it more definite and certain. The merit of the case has been discussed, and it would be idle to prolong this piece of litigation by holding the complaint technically insufficient.

The claim having been allowed by the council, respondent is without discretion to refuse to sign the warrant. His duty is ministerial. Rem. & Bal. Code, § 7867 (P. C. 77 § 503); *State ex rel. McCormick v. Fisher*, 5 Pen. (Del.) 273, 64 Atl. 68; *State ex rel. Minneapolis Tribune Co. v. Ames*,

31 Minn. 440, 18 N. W. 277; *People ex rel. Tucker v. Opdyke*, 40 Barb. 306.

The case will be remanded with instructions to issue the writ prayed for.

GOSE, PARKER, and MOUNT, JJ., concur.