EGE, et al., Appellants, v. WILLIAMS, Mayor, et al.,
Respondents.

(159 N. W. 898.)

(File No. 3978.   Opinion filed November 13, 1916.)

1.   **Intoxicating Liquors—Invalid License—License Fees—Enjoining Refunding of License Money—Voluntary Payment, Effect.**

In a suit by taxpayers to restrain city officials from repaying to liquor licensees a part of the license money, where the license itself was invalid, **held**, that, although the payment of the license money was voluntarily made, but was made under an honest, mutual mistake as to the validity of the liquor license election, the city, although it might not be compelled to repay the money, may, if it sees fit, return the same pro rata for that part of the license period occurring after adjudication of the validity of the election.

2.   **Evidence—Re-payment of License Money—Presumption as to Previous Resolution for Re-payment—Statute.**

In a suit to restrain refunding of part of liquor license money by city officers, there being no evidence that the officers would repay without further action than that already taken by commencement of a suit to restrain repayment, it will be presumed that no payment will be made until a resolution therefor has been passed by the city council, as required by Pol. Code, Sec. 1209.

Appeal from Circuit Court, Turner County.   Hon. ROBERT B. TRIPP, Judge.

Action by W. E. Ege and others, against Frank Williams, as Mayor of the City of Centerville, a municipal corporation, and others, to restrain defendants from repaying certain liquor license money.   From a judgment denying the relief prayed for, Appellants appeal.   Affirmed.

*Bogue & Bogue, for Appellants.*

*Joseph Janousek, and W. R. White, for Respondents.*

(1) To point one of the opinion, Appellants cited: Evans v. Hughes County, 3 S. D. 244; Civ. Code, Sec. 1271; Laws 1913, Ch. 258; Stephen v. State, 19 S. D. 314, 103 N. W. 44; C. & J. Michel Brewing Company v. State, 19 S. D. 302, 103 N. W. 40; Custin v. City, 67 Wis. 314, 30 N. W. 515; Bender v. City of Fergus Falls, (Minn.) 131 N. W. 849; 1 Woolen & Thornton on Intoxicating Liquors, Sec. 497; Joyce on Intoxicating Liquors, Sec. 330; 3 McQuillin Municipal Corporations, Sec. 1009; People v. Schafron, (Mich.) 134 N. W. 29; Town

Council of Cahaba v. Burnett, 34 Ala. 400; In re Lyman, 59 N. Y. S. 828, 28 Misc. Rep. 278; Roberts v. City of Boise, 132 Pac. 306; Town of Ligonier v. Ackerman, 46 Ind. 552, 15 Am. Rep. 323.

Respondents cited: City of Hunkey, (Ky.) 170 S. W. 1172; Shue v. School Dist. (Neb.) 153 N. W. 567; Scott v. New Castle, 21 L. R. A. (N. S.) 112; State ex rel. Maddaugh et al., v. Ritter, (Wash.) 134 Pac 492; Allsman et al. v. Oklahoma City, 21 Okla. 142, 17 A. & E. Dec. 184; Pearson v. Seattle, (Wash.) 44 Pac. 884; Spalding v. Lebanon, (Ky.) 49 L. R. A. (N. S.) 387; Martel v. City of St. Louis, 94 Ill. 67; Hirm v. State, 1 Ohio State, 15.

WHITING, J. The question, "Shall intoxicating liquors be sold at retail?" was submitted to the voters of the city of Centerville, S. D. A majority of the ballots cast were in favor of such sale. The question was submitted upon the same ballot upon which were found the names of the candidates for the various municipal offices. Immediately after the declaration of the result of such election upon this question, a contest was instituted, seeking to have such election declared void, owing to the failure to comply with the statute and submit the question upon a separate ballot. The trial court held the election legal. This judgment was rendered in June. After the holding of the election, and pending the decision of the trial court, defendants Hewett and Griffin presented petitions to the proper authorities, seeking permits to sell intoxicating liquors in said city for the year commencing July 1st. These petitions were not acted upon until after the judgment of the trial court. The petitions were then granted, and the petitioners each paid into the treasury of said city the license fee required under the ordinances of such city and received the permits asked for. Commencing with July 1st, these defendants entered upon the sale of intoxicating liquors under such permits. An appeal was taken from the judgment of the trial court, and this court, in the case of Tuntland v. Noble, 30 S. D. 145, 138 N. W. 291, Ann. Cas. 1915A, 1004, reversed the lower court, and held invalid the election upon the above-mentioned question. Upon receiving notice of the decision of this court, said defendants closed their saloons. They thereafter each sought reimbursement from the city of Centerville for such

proportion of the license money paid as the period of the license year remaining after the decision of this court bore to the whole year for which licenses were paid and permits issued. Such claims being presented to the said city, the council thereof—five of the six members elect being present—by a vote of 3 for, 1 against, and 1 not voting, voted in favor thereof. The city auditor drew a warrant therefor but the then acting mayor refused to sign same, but the present council will pay the claims unless restrained. This action was instituted by plaintiffs as electors and taxpayers of said city, and plaintiffs seek to restrain the city and its corporate officers from paying, or attempting to pay, or from issuing any warrants, or doing any acts or things in reference to paying, the said claims; and plaintiffs ask that said claims be declared void. The trial court denied the relief prayed for, and from such judgment, this appeal was taken.

Appellants contend that the payment of the license money was a voluntary payment, and therefore, under the holdings of this court in Evans v. Hughes Co., 3 S. D. 244, 52 N. W. 1062, Michel Brewing Co. v. State, 19 S. D. 302, 103 N. W. 40, 70 L. R. A. 911, and Steffen v. State, 19 S. D. 314, 103 N. W. 44, cannot be recovered. While it is true that this court and the courts of a majority of the states have held that a voluntary payment of license money cannot generally be recovered, it is of importance to note that, in none of the cases presented to this court, has this court been called upon to determine the right of repayment where license money had been paid under a mutual mistake of either fact or law. This question was attempted to be raised in the Michel Brewing Co. case, but this court found there was no mistake of law.

[1] But the present action is not an action wherein the licensees are seeking judgment for the recovery of the license money, and it is not necessary for us to determine their right to such recovery. In this action, appellants, as taxpayers, are seeking to take advantage of payments that were made under an honest mutual mistake as to the validity of the election—are seeking to keep from these licensees that which in honesty and good conscience belongs to them. Our attention has been called to no statute forbidding the city from returning this money, and there are certainly no reasons which would appeal to a court of

equity as warranting it to restrain the city from doing this act of common honesty and justice. This is not a case like that of City v. Fitzgerald v. Witchard, 130 Ga. 552, 61 S. E. 227, 16 L. R. A. (N. S.) 519, where it was held that the court would restrain the repayment of license money where the license had been legally granted, where the city did not revoke the license and such licenses were not returned to the city, and where the licensee ceased to engage in the business licensed, without any interference, or order, or direction, or fault, of the city. This case is almost on all fours with the case of State v. Ritter, 74 Wash. 649, 134 Pac. 492, like this an action seeking to restrain a city from repaying license money paid for a void permit. We adopt, as applying to this case, the following from the opinion in that case:

"It is true that there is no statutory warrant for such repayment, nor is any necessary. The right is founded in the doctrine of common honesty. * * * Such repayment might not be compelled—that question is not before us—but the council may, if it sees fit, return any money which has been paid under a mistake of law or of fact, and to which it has no moral claim."

[2, 3] There was no evidence nor finding that the city officers would pay this claim without further action than that already taken. We, therefore, presume that no payment will be made until a resolution therefor has been passed by a majority vote of all the members elect of the city council. Section 1209, Pol. Code. The appellants are not entitled to the relief asked, and the judgment is affirmed.