[No. 14651. Department Two. June 4, 1918.]

OLYMPIA BREWING COMPANY, *Appellant*, v. THE
STATE OF WASHINGTON, *Respondent*.[1]

INTOXICATING LIQUORS—LICENSE—RECOVERY OF FEES—VOLUNTARY PAYMENT. Where, in order to close out its business when the state wide prohibition law was to go into effect on January 1, 1916, a brewing company was compelled to take out a state license for the fiscal year commencing July 1, 1915, the payment for the full year was not a voluntary payment, and the fees exacted by the state for the last half of the term during which the license could not be used may be recovered from the state, regardless of whether they were paid under protest or not.

Appeal from a judgment of the superior court for Thurston county, D. F. Wright, J., entered September 21, 1917, upon sustaining a demurrer to the complaint, dismissing an action to recover the unearned portion of liquor license fees. Reversed.

*Bigelow & Manier* and *Troy & Sturdevant*, for appellant.

*The Attorney General, Glenn J. Fairbrook, Assistant,* and *C. E. Arney, Jr.,* for respondent.

MACKINTOSH, J.—In the year 1915, the appellant was engaged in the brewing business in this state, and in order for it to continue to operate its business, it was necessary to secure state liquor licenses, which, under the law (Laws of 1907, ch. 194, p. 419; Rem. Code, § 6269 *et seq.*), commenced with the fiscal year, July 1, 1915. The appellant applied for the licenses desired by it and offered to pay for licenses which would expire January 1, 1916, at which time the prohibition law would go into effect, by force of which the appellant would be compelled to discontinue doing business. The state board of tax commissioners, which was the board

[1]Reported in 173 Pac. 430.

vested with the authority to grant liquor licenses, refused the tender made by the appellant and demanded the entire annual license fees for licenses from July 1, 1915, to June 30, 1916. Thereupon the appellant paid, under protest, the amount demanded, and has begun this action to recover the amount of the fees collected for licenses for the last half of the term, during which the licenses were unused. The appellant is also seeking to recover in this action similar amounts collected from various retail liquor dealers who have assigned their claims to the appellant. The payments made by these various assignors were made under the same circumstances as the payments made by the appellant itself, except that they were made without protest. The respondent contends in defense to this action that these payments were all voluntary payments, and therefore the appellant is not entitled to a recovery.

At the time the licenses were applied for by the appellant and its assignors, they were engaged in a business which was lawful under the then existing laws of this state, and it continued to be a lawful business until January 1, 1916. It was a business in which the appellant had a large amount of capital invested, and the state had recognized, in the passing of the prohibition law, that an opportunity should be given to the appellant and those similarly situated to close out their businesses before the taking effect of that law. The fact that the fees were paid with or without protest is of no moment if their payment was made under compulsion, and it cannot be gainsaid that payments made to prevent the sacrifice of large capital investments are not voluntarily made but are made as the result of compulsion. *Robertson v. Frank Bros. Co.,* 132 U. S. 17; *Swift Co. v. United States,* 111 U. S. 22. When the applications were made for the licenses, the respondent knew that the licenses were being sought

for the purpose of continuing the business then being conducted by the applicants, and knew that that business would, by force of law, cease upon January 1, 1916. It knew the licenses would, by operation of law, be valueless to the applicants after January 1, 1916. By demanding the payment of a license fee for the entire year the state has secured money for which it has given nothing in return. It cannot be stated that payments made under such circumstances as are disclosed by the record in this case were voluntarily made. The applicants were compelled, in order to continue a business which was legal and to protect themselves from heavy financial loss, to make the excessive payments demanded. The state does not now contend that it had any moral or legal right to compel the taking out of a license for twelve months for the conduct of a business which it would not allow to continue for a period beyond six months, but rests its right to retain the money upon the theory that the payments were voluntarily made. In view of the compulsion exercised, the state certainly should not be allowed to successfully maintain a lower standard of honesty than it insists upon its citizens observing. This court has heretofore under similar circumstances said:

"The respondent paid his money for a consideration which he has, in part, failed to receive, by reason of the act of the city. On the other hand, the city has received money for the granting of a privilege which it has repudiated and annulled. It is, therefore, in justice and equity, bound to repay it." *Pearson v. Seattle,* 14 Wash. 438, 44 Pac. 884.

See, also, *Bart v. Pierce County,* 60 Wash. 507, 111 Pac. 582, 31 L. R. A. (N. S.) 1151; *State ex rel. Maddaugh v. Ritter,* 74 Wash. 649, 134 Pac. 492.

The judgment of the superior court will be reversed.

MAIN, C. J., CHADWICK, and HOLCOMB, JJ., concur.