[No. 16276.   Department One.   March 25, 1921.]

SUNSET COPPER COMPANY, *Appellant,* v. W. W. BLACK et al., *Respondents.*[1]

CONTRACTS (63)—CONSTRUCTION—PARTICULAR PHRASES. A contract for the sale of mining claims providing for partial deferred payments, with interest thereon "from the time of becoming due until paid," later modified, draws interest only on such of the instalment payments as were not liquidated when they matured under the modified agreement, where by the modification the dates of the deferred payments were changed and the balance of $45,000 "and the interest thereon" was to be paid at the substituted dates, "until the full balance shall be paid, it being understood that interest is to be computed as per the agreement" originally made, which "shall remain in full force and effect except as modified by this supplemental agreement."

SAME (104)—MODIFICATION—CONSIDERATION. Where there is no default upon a contract, the consideration for such contract is sufficient to support a modification thereof contained in a supplemental agreement.

PAYMENT (32)—RECOVERY—VOLUNTARY PAYMENTS. Where mining property, purchased by plaintiff on deferred payments under a contract providing for a forfeiture in the event of noncompliance with its terms, had been improved to the value of $200,000, the payment of excessive interest demanded by defendant on the deferred payments was not voluntary and could be recovered back.

[1]Reported in 196 Pac. 640.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered July 30, 1920, dismissing an action to recover interest paid under protest on a contract. Reversed.

*Kerr, McCord & Ivey* (*Wm. Z. Kerr,* of counsel), for appellant.

*Lloyd L. Black,* for respondents.

MACKINTOSH, J.—The appellant's predecessor in interest and the respondents, on May 3, 1916, entered into a contract (the interest of appellant's predecessor being subsequently acquired by the appellant), whereby the respondents agreed to sell certain mining claims upon deferred payments. The contract did not provide any interest upon these deferred payments except that,

"In the event that any payments are not made when due, and parties of the first part (respondents) do not elect to declare the contract forfeited, by reason of the failure to pay said sums, then such payments shall draw interest at the rate of seven (7%) per cent per annum from the time of becoming due until paid."

Thereafter, on October 5, 1916, a supplemental contract was entered into changing the time of payments still to be made. This contract provided,

"That whereas the party of the second part has to date paid the parties of the first part, upon said agreement of May 3, 1916, the sum of $7,500, and there remains due and owing thereon to the parties of the first part the sum of $45,000, and whereas the party of the second part has requested that a *change be made as to the time of payment of the said $45,000, so remaining* unpaid, it is agreed between the parties hereto that said balance of said $45,000 *and the interest thereon* shall be paid as follows . . . *until the full balance shall be paid, it being understood that interest is to be computed as per the agreement* . . . May 3, 1916,

. . . *It is agreed that said agreement of May 3, 1916, shall remain in full force and effect in every respect except as modified by this supplemental agreement; the right to forfeiture for non-payment, and all other rights reserved to the parties of the first part, in said agreement of May 3, 1916, to remain in full force and effect.*"

Before the final payment became due, the respondents demanded from the appellant the interest upon the deferred payments, and in order to prevent any forfeiture of the contract, or in order to minimize the danger of forfeiture of the contract, the appellant, under protest, paid this amount of interest and is in this action seeking to recover the same. From a judgment against it, the appellant has appealed.

An examination of the original and supplemental contracts indicates clearly that, as far as the question here is concerned, there was no modification as to the amount to be paid, the only change being made as to the dates of the various payments. The only claim that the respondents have to interest is in the words, "and the interest thereon," which appear in the supplemental contract following the statement that it is agreed between the parties that the balance of forty-five thousand dollars should be paid at certain times. The supplemental contract, where it specially refers to interest, specifically states that it is to be computed according to the original contract, which provided, as will be noticed by referring to that portion of it which we have hereinabove quoted, that interest was only to be paid if payments were not made on the due dates, and respondents had not elected to forfeit the contract by reason of such delinquency; that, in such event, the delinquency should bear interest at the rate of seven per cent. The supplemental contract further provided, expressly, that the agreement of May 3, 1916, should

remain in full force in every respect, save as modified by the supplemental agreement, and expressly refers to the right of forfeiture for non-payment and of other rights reserved to the parties in the original agreement.

The only interpretation that we can give to this contract is that, so far as interest is concerned, the original contract was to be strictly followed, and that the inclusion of the words "and the interest thereon" merely refers to such interest as might accrue under and by virtue of the terms of the original contract.

The respondents raise some question of want of consideration for the supplemental contract, unless the payment of interest was such consideration. There having been no default upon the original contract, the consideration of that contract was sufficient to support the modification contained in the supplemental agreement. *Long v. Pierce County*, 22 Wash. 330, 61 Pac. 142; *Dyer v. Middle Kittitas Irr. Dist.*, 25 Wash. 80, 64 Pac. 1009; *Stofferan v. Depew*, 79 Wash. 170, 139 Pac. 1084; *Pacific Power etc. Co. v. White*, 104 Wash. 528, 177 Pac. 313. Furthermore, even though a consideration should be necessary, the supplemental contract called for the performance by the appellant of something in addition to that which was undertaken by the appellant in the original contract.

It is further urged by the respondents that the payment of interest was voluntary upon the appellant's part, it not having been extorted by duress. The record shows that the appellant had placed upon the property, which originally had been agreed to be sold for fifty-two thousand five hundred dollars, improvements to the value of two hundred thousand dollars, and in addition had paid practically all of the purchase price. It cannot be said that, when respondents were

insisting that the appellant pay in addition the interest under a contract which provided for a forfeiture in the event of non-compliance by the appellant with its terms, such was a voluntary payment. For these reasons, the judgment is reversed with instructions to overrule the demurrer and proceed with the action.

Parker, C. J., Holcomb, Bridges, and Fullerton, JJ., concur.