[No. 18561. Department Two. October 2, 1924.]

JOHN ALWEN, *Respondent,* v. PETER A. TRAMONTIN *et al., Appellants.*[1]

LANDLORD AND TENANT (23)—PAYMENT (34)—RIGHT TO ASSIGN LEASE — DURESS OR COMPULSION — RIGHT OF RECOVERY. A tenant, assigning a lease without the landlord's consent, cannot recover from the landlord the amount afterwards exacted and paid as the consideration for giving consent, where such consent was not a duty enforced by the lease or by operation of law.

SAME. A tenant, agreeing to pay and paying an enhanced consideration for the landlord's consent to an assignment of the lease, cannot recover the payment on the theory that it was coerced, without rescinding the contract and offering to return the benefits received by him.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered December 1, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover money paid under protest on a contract. Reversed.

*Baxter & Jones,* for appellants.

*Howard Waterman,* for respondent.

[1]Reported in 228 Pac. 851.

FULLERTON, J.—On November 1, 1922, the appellants, Tramontin, being then the owners of a certain apartment house, situated in the city of Seattle, leased the property to one Jennie L. Townsend and one Maizie A. Kuney for a term of seven years, at the agreed rental of $84,000, payable in monthly installments of $1,000 each. The lease contained the following provisions with relation to the assignment thereof:

"Neither this lease nor any part thereof shall be assigned, by operation of law or otherwise, nor shall said premises or any part thereof be sublet, except the customary subletting of apartments required in the operation of an apartment house business without the written consent of the lessors, or their agent, being indorsed thereon. But in case an assignment of this lease is consented to by said lessors, a charge of not to exceed ten per cent of one month's rent shall be made by the lessors for said assignment."

On April 16, 1923, the lessees, with the written consent of the lessors, assigned the lease to the respondent, John Alwen. On June 9, 1923, the respondent contracted to sell the lease to one Louise Horton, receiving from her the sum of $400 as part consideration for the assignment, and putting her in possession. He then sought the appellants' consent to the assignment. The appellants were then at San Francisco, in the state of California, and a telegram was sent them asking them to consent to the assignment. Instead of answering direct, the appellants wrote to their agent at Seattle, authorizing him to assent to an assignment of the lease on the payment of $800. The respondent paid the sum demanded, as he testified, under protest, whereupon the agent gave the required assent. Thereafter the respondent brought the present action to recover the sum of $700, the amount in excess of the maximum sum the lessors agreed in the lease to exact

as a consideration for consenting to its assignment. The cause was tried to a jury, who returned a verdict in favor of the respondent for the full amount demanded. This appeal is from a judgment entered in accordance with the verdict.

The principal question discussed in the arguments of counsel, and the only question we find it necessary to notice, is whether the respondent made a case for the consideration of the jury. It was the view of the trial court that the respondent could recover on the ground that he was compelled to make the excess payment because of his business situation; in other words, under the doctrine of business compulsion. This idea is pressed on us here by the respondent, but we are not persuaded that the facts bring the case within the doctrine contended for. It is always possible that a man may, while in the pursuit of his ordinary business, find himself met with an unconscionable or unlawful demand of another, which he cannot contest at the time being without subjecting himself to an action as for a breach of contract, or without loss to his prestige as a business man or serious loss to his property. In such cases the law permits him to yield to the exaction, and afterwards contest its legality. But this was not the situation here. The respondent was not forced into the situation in which he found himself. He deliberately entered into the contract to assign the lease, knowing that he could not do so without the consent of his lessors, and no principle of law permits him to complain because they exacted a consideration for their consent, however much he or others may think the exaction was not justified in morals. If recovery can be had under these circumstances, it is plain to be seen that the respondent has by his own conduct placed himself in an advantageous situation. Had he refused

to make the payment and instituted some form of action in court to compel an assent to the assignment, he must necessarily have failed in his action, for the very sufficient reason that, by the terms of the lease, the lessors had the option to consent or to refuse to consent thereto. It was not a duty imposed upon them either by the terms of the lease or by operation of law. If the respondent may recover what he paid as a consideration for the assent, it is plain that he can do by an indirect procedure what he could not do by a direct one.

There is another reason why we think he is not entitled to prevail. By agreeing to pay and by paying the enhanced consideration he not only entered into a contract with the lessors, but he performed the contract. His action to recover the payment is in effect an attempt to rescind the contract. In his action to recover he makes no offer to return the benefits received by him from the performance of the contract. By a recovery he is permitted to affirm the contract in part and repudiate it in part. It is perhaps needless to add that this is not in accord with either the principles of law or equity.

We have not overlooked the contention that there were other circumstances which made it necessary for him to assign the lease. But, aside from the fact that this argument is robbed of all its virility by the fact that the respondent exacted a substantial consideration from his assignee as a condition of the assignment, the conclusive answer is that the circumstances relied upon were not of the appellants' making, but were considerations wholly personal to the respondent.

The respondent, to sustain the judgment, cites and relies upon the following decisions from this court: *Bertschinger v. Campbell,* 99 Wash. 142, 168 Pac. 977,

L. R. A. 1918C 65; *Olympia Brewing Co. v. State,* 102 Wash. 494, 173 Pac. 430; *Sunset Copper Co. v. Black,* 115 Wash. 132, 196 Pac. 640; *Duke v. Force,* 120 Wash. 599, 208 Pac. 67, 23 A. L. R. 1354.

We do not think, however, that these cases require special review. An examination will show that none of them present the situation here presented.

The judgment is reversed and the cause remanded with instructions to dismiss the action.

MITCHELL, HOLCOMB, BRIDGES, and PEMBERTON, JJ., concur.